**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| LISA CORSON,<br><br>Plaintiff,<br><br>v.<br><br>TIN & GIN LLC d/b/a HALEY.HENRY WINE BAR and HALEY FORTIER, individually,<br><br>Defendants. | Case No. 1:26-cv-14233<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (DIRECT AND VICARIOUS)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LISA CORSON, by and through her undersigned counsel, brings this Complaint against Defendants Tin & Gin LLC d/b/a haley.henry wine bar and Haley Fortier and alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

## <u>PARTIES</u>

2. Plaintiff Lisa Corson ("Plaintiff") is an individual and professional photographer.

3. Upon information and belief, Defendant Tin & Gin LLC d/b/a haley.henry wine bar ("Tin & Gin") is a limited liability company organized and existing under the laws of the state of Massachusetts with its registered off address located at 70 River Street, Boston, Massachusetts 02108.

4. Upon information and belief, Defendant Haley Fortier ("Fortier") is an individual residing and/or transacting business in Massachusetts.

5. For the purposes of this Complaint, unless otherwise indicated,

"Defendant" and "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the state of Massachusetts and/or Defendants transact business in the state of Massachusetts, including this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Lisa Corson*

9. Plaintiff Corson is a highly successful and acclaimed freelance photographer that previously worked as the photo editor for SPIN, New York Magazine, and the Wall Street Journal.

10. Plaintiff Corson creates and licenses her work for a fee to a variety of editorial and commercial clients.

11. Plaintiff Corson's client list includes AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California.

12. Plaintiff Corson's livelihood depends on receiving compensation for the photographs she produces, and her works are devalued when others copy and profit from those works without her permission.

13. The copyright protection afforded to Plaintiff Corson's work is intended to deter would-be infringers from copying and profiting from her work without permission

14. Plaintiff Corson is the sole author and exclusive rights holder to a photograph of colorful tins arranged in a display at The Fantastic World of the Portuguese Sardine, a store at Times Square in New York ("Corson Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Corson Photograph.

16. Corson registered the Corson Photograph with the United States Copyright Office under Registration Number VA 2-376-401 with the file name Corson-Portuguese_Sardine-4731.jpg and an Effective Date of Registration of November 20, 2023.

17. Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-376-401.

18. The Corson Photograph appeared in an articled featured by The Boston Globe ("Boston Globe") on October 10, 2023, titled *Trendy Tasty, Tinned Fish is to Both a Ho-Hum Pantry Staple and the Hottest Party Fare* ("Boston Globe Article") and can be found at https://www.bostonglobe.com/2023/10/10/lifestyle/trendy-tasty-tinned-fish-is-both-ho-hum-pantry-staple-hottest-party-fare/.

19. The Corson Photograph, as it originally appeared in the Boston Globe Article, included a photo credit below the bottom left corner of the image crediting the Corson Photograph to Lisa Corson ("Corson Photo Credit").

20. Attached hereto as Exhibit C is a true and correct copy of the screenshot of the Boston Globe Article which includes the Corson Photo Credit.

21. The Boston Globe Article included information about Defendant Fortier and her "downtown wine bar haley.henry, which features a small tinned fish menu," including that Defendant Fortier saw that canned fish was a big part of the food culture in Portugal and Spain, so her goal was to "introduce Boston to a whole new way of eating" because Boston does not "have that culture." *See* Exhibit C.

***Defendants Tin & Gin and Fortier***

22. Upon information and belief, Defendant Tin & Gin is a small-production wine bar that serves responsibly-soured food, including tinned fish. *See* Exhibit D below.

23. Upon information and belief, Defendant Fortier is the principal owner of Defendant Tin & Gin.

24. Upon information and belief, and at all relevant times, Defendant Tin & Gin and/or Defendant Fortier owned and operated the website found at https://www.haleyhenry.com/ ("Tin & Gin Website").

25. Upon information and belief, and at all relevant times, Defendant Tin & Gin and/or Defendant Fortier generated content on the Tin & Gin Website for commercial purposes to market and promote the wine bar's food and beverages,

including tinned fish.

26. Upon information and belief, and at all relevant times, Defendant Tin & Gin and/or Defendant Fortier had the ability to supervise and control all content on the Tin & Gin Website.

27. Upon information and belief, and at all relevant times, Defendant Tin & Gin and/or Defendant Fortier had a direct financial interest in the content and activities of the Tin & Gin Website (including the activities alleged in this Complaint).

28. Upon information and belief, and at all relevant times, the Tin & Gin Website was readily accessible to the general public throughout Massachusetts, the United States, and the world.

29. Upon information and belief, the Defendants named in this Complaint (including Tin & Gin and Fortier) were at all relevant times acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

***Defendants Willful Unauthorized Use of the Corson Photograph***

30. On or about May 4, 202, Plaintiff Corson discovered the Corson Photograph being used on the Tin & Gin Website.

31. The Corson Photograph appeared on the Tin & Gin Website coupled with text content superimposed over the Corson Photograph that read, in part: “tinned fish is trendy” (Website Post”).

32. The Website Post also included a live link to the Boston Globe Article.

33. Attached hereto as Exhibit D is a true and correct screenshot of the Corson Photograph as used in the Website Post on the Tin & Gin Website.

34. Plaintiff Corson did not grant Defendant Tin & Gin or Defendant Fortier a license, permission, or authorization to use, make a copy of, or publicly

display the Corson Photograph on the Tin & Gin Website.

35. Defendant Tin & Gin and/or Defendant Fortier (including their agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Corson Photograph and caused the Corson Photograph to be uploaded to and displayed on the Tin & Gin Website.

36. Defendant Tin & Gin and/or Defendant Fortier (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Corson's original and unique Corson Photograph on the Tin & Gin Website for commercial purposes and to acquire a direct financial benefit from use of the Corson Photograph, including the financial benefit of the cost saved by using the Corson Photograph without paying a licensing fee.

37. Specifically, Defendants coupled a professionally produced and edited photograph with textual content to create high-quality, aesthetically visual content to further their marketing goals to promote their restaurant service offerings, including tinned fish.

38. In addition, Defendants intended for the Corson Photograph to act as a draw to the Website Post where the Tin & Gin Website user could click on the live link and navigate to the Boston Globe Article, where the Defendants had been selected and featured by the Boston Globe, which would lend credibility and integrity to Defendants' reputation as a restaurant provider of tinned fish.

39. Finally, Defendants intended for the Corson Photograph to act as a draw to the Website Post where the Tin & Gin Website user would ultimately visit Defendant Tin & Gin to purchase food and beverages, including tinned fish, which would generate revenue for Defendants.

40. After discovering the unauthorized use of the Corson Photograph, Plaintiff Corson, through Higbee & Associates ("H&A"), sent cease-and-desist

correspondence to Defendants, via email, including a demand for lost licensing fees for the unauthorized use of the Corson Photograph.

41. Defendants opened the cease-and-desist email on May 22, 2026, and the Corson Photograph was removed from the Tin & Gin Website on or around May 27, 2027.

42. H&A sent follow-up email correspondence to Defendants from May 27, 2026 through June 26, 2026. H& A also called Defendants on May 27, 2026 and spoke with a woman who stated the matter was above her pay grade and she would pass along the information.

43. H&A did not receive a response from Defendants.

44. As of August 28, 2026, Defendants are still storing a copy of the Corson Photograph on the Tin & Gin Website's server.

45. Attached hereto as Exhibit E is a true and correct screenshot of the Corson Photograph as stored on the Tin & Gin Website's server.

46. Upon information and belief, Defendants willfully infringed upon Plaintiff Corson's rights in her copyrighted Corson Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew they did not create or own the Corson Photograph; knew Plaintiff Corson was the rightful owner of the Corson Photograph via the Corson Photo Credit; and knew, or should have known, they did not have a legitimate license, permission, or authorization to use the Corson Photograph.

47. In addition, Defendants' conduct is willful because they continue to store a copy of the Corson Photograph on the Tin & Gin Website's server after being sent cease and desist correspondence and because Defendants removed the Corson Photograph from the Website Server but refused to address lost licensing fees for the unauthorized use of the Corson Photograph.

## **FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101, *et seq.***

48. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

49. Plaintiff owns a valid copyright in the Corson Photograph.

50. Plaintiff registered the Corson Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51. Defendants (including their agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed a modified version of Corson's unique and original Corson Photograph without Plaintiff Corson's consent or authorization in violation of 17 U.S.C. § 501.

52. Defendants willfully infringed upon Plaintiff's rights in her copyrighted Corson Photograph in violation of Title 17 of the U.S. Code.

53. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

54. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff election, statutory damages pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

56. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright in the Corson Photograph pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101, *et seq.***

57. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

58. Plaintiff owns a valid copyright in the Corson Photograph.

59. Plaintiff registered the Corson Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

60. Defendants had the right and ability to supervise the content on the Tin & Gin Website.

61. Defendants had a direct financial interest from use of the Corson Photograph on the Tin & Gin Website.

62. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

63. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff election, statutory damages pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

65. Plaintiff hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Corson Photograph by copying and publicly displaying it without a license or consent;
- For a finding that Defendants' conduct was willful;

- For a finding that Defendants had the right and ability to supervise the infringing conduct;
- For a finding that Defendants had a direct financial interest in the exploitation of the Corson Photograph;
- For an award of actual damages and disgorgement of all of profits attributable to the direct and vicarious copyright infringements, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For an injunction forcing Defendants to immediately delete the Corson Photograph from the Tin & Gin Website server and any Website backups pursuant to 17 U.S.C. § 502;
- For prejudgment and post judgment interest as allowed by law; and
- For any other relief the Court deems just and proper.

Dated: September 15, 2026

Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
tmurray@higbeeassociates.com
*Counsel for Plaintiff*